UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>   Plaintiff,<br><br> v.<br><br>RUSHING, et al.,<br><br>   Defendants. | No. 1:24-cv-00403-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on April 4, 2024. (ECF No. 1.)

On May 9, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 7.) Plaintiff failed to file an amended complaint or otherwise respond to the May 9, 2024 order. Therefore, on June 20, 2024, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 12.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Deputy Rushing placed his hands on Plaintiff without giving any direct order, besides going into the water room. Plaintiff tried to go into the water room when Deputy Rushing and Deputy Carranza began to wrestle Plaintiff from behind. Deputy Carranza placed Plaintiff in a

choke hold when he was entering the room to retrieve some property.  Plaintiff believes the actions were motivated by retaliation for having filed a civil rights lawsuit against another Deputy.

Plaintiff seeks monetary compensation as well as termination of both Deputies Rushing and Carranza.

## III.

## DISCUSSION

### A. Excessive Force

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).  "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Here, although Plaintiff alleges that both Deputies Rushing and Carranza wrestled him from behind and Deputy Carranza placed him in a choke up, the complaint is devoid of any allegations detailing the circumstances surrounding the use of force.  Context is important in excessive force cases because, without such allegations, the Court cannot determine whether Defendants' use of force was applied "in a good faith effort to maintain or restore discipline or

maliciously and sadistically for the very purpose of causing harm." Bearchild v. Cobban, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting Hudson, 503 U.S. at 6). Thus, the lack of factual allegations regarding the circumstances surrounding the use of force against Plaintiff prevents a finding that Plaintiff has plausibly alleged the force used on him was administered maliciously and sadistically rather than in a good faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986); LeMaire v. Maas, 12 F.3d 1444, 1458 (9th Cir. 1993) ("[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from violent behavior [of disruptive inmates]."). In order to cure this pleading defect, Plaintiff must set forth facts which, if true, plausibly allege the force used against him was used maliciously and sadistically to cause him harm rather than in a good faith effort to restore discipline and quell a disturbance. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Here, Plaintiff simply speculates that he believes Defendants' actions may have been the result of retaliation for having filed a prior civil rights action against another prison officials.

4

However, mere speculation of retaliatory motive is not sufficient to give rise to a claim for relief. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).  Retaliation is not established simply by showing adverse activity by these Defendants after protected speech; rather, Plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). In addition, Plaintiff does not allege whether Defendants knew about Plaintiff's conduct, i.e., his prior civil action against another Deputy.  Without non-speculative allegations of Defendants' motivation for their alleged retaliatory actions and knowledge of such protected conduct, no claim for retaliation is stated.

### C. Termination of Employment

Plaintiff also requests that Defendants' employment by the CDCR be terminated. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

Terminating Defendants' employment would not remedy the past violation of Plaintiff's constitutional rights, and therefore is not narrowly drawn to correct the alleged past violations. Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore limited to seeking money damages for the violations of his federal rights.

### IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on May 9, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within

1    thirty days. (ECF No. 7.) Plaintiff did not file an amended complaint or otherwise respond to the
2    Court's May 9, 2024 order. Therefore, on June 20, 2024, the Court ordered Plaintiff to show cause
3    within fourteen (14) days why the action should not be dismissed. (ECF No. 12.) Plaintiff failed
4    to respond to the April 23, 2024 order and the time to do so has passed.

5    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
6    or with any order of the Court may be grounds for imposition by the Court of any and all sanctions
7    . . . within the inherent power of the Court." The Court has the inherent power to control its docket
8    and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of
9    the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

10   A court may dismiss an action based on a party's failure to prosecute an action, failure to
11   obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,
12   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
13   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
14   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
15   with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States
16   Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);
17   Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
18   failure to comply with local rules).

19   "In determining whether to dismiss an action for lack of prosecution, the district court is
20   required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;
21   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
22   policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'
23   " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in
24   deciding what to do, and are not conditions that must be met in order for a court to take action. In
25   re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006)
26   (citation omitted).

27   In this instance, the public's interest in expeditious resolution of the litigation and the
28   Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA)

1  Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint
2  within thirty days of May 9, 2024 and has not done so.  Plaintiff's failure to comply with the order
3  of the Court by filing an amended complaint hinders the Court's ability to move this action towards
4  disposition.  This action can proceed no further without Plaintiff's compliance with the order and
5  his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

6  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
7  rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
8  1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

9  The public policy in favor of deciding cases on their merits is greatly outweighed by the
10 factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order
11 for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies
12 in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended
13 complaint or respond to the order to show cause and this action cannot simply remain idle on the
14 Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's
15 failure to comply with the Court's orders.

16 Finally, a court's warning to a party that their failure to obey the court's order will result in
17 dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
18 Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's May 9, 2024, order
19 requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
20 amended complaint in compliance with this order, the Court will recommend to a district judge that
21 this action be dismissed consistent with the reasons stated in this order." (ECF No. 7.)  In addition,
22 the Court's June 20, 2024, order to show cause specifically stated: "Failure to comply with this
23 order will result in a recommendation to dismiss this action for failure to state a cognizable claim
24 for relief, for failure to prosecute, and failure to comply with a court order." (ECF No. 12.)  Thus,
25 Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's
26 order.
27 ///
28 ///

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the May 9, 2024 and June 20, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2024**

UNITED STATES MAGISTRATE JUDGE